UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE KAUFMAN, *et al.*, | No. C-12-5051 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |
| PACIFIC MARITIME ASSOCIATION, *et al.*, | |
| Defendants. | **(Docket Nos. 10, 13)** |

     On September 28, 2012, Plaintiffs Ronnie Kaufman and Alphonce Jackson filed a complaint against Defendants Pacific Maritime Association ("PMA"), International Longshore and Warehouse Union ("ILWU"), and ILWU Local 34. Compl., Docket No. 1. Plaintiffs' complaint alleges five causes of action: (1) "LMRA 301"; (2) discrimination; (3) breach of contract; (4) collusion; and (5) "breach of fair representation." *Id.* On October 30, 2012, PMA filed a motion to dismiss (Docket No. 13) and the ILWU Defendants filed a motion to dismiss or for a more definite statement (Docket No. 10).

     Plaintiffs' complaint is facially deficient. Under the Federal Rules of Civil Procedure, Rule 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Here, Plaintiffs' complaint solely consists of quotations of what appears to be their collective bargaining agreement ("CBA") under the header "breach of contract" (*see* Compl., Docket No. 1, at 2-6); an allegation that "ILWU Local 34 has worked under a secret and fraudulent agreement with the employer [PMA]," which agreement "allows ILWU Local 34 and

[PMA] to breach a total of 24 sections of the [CBA] on a continuous and ongoing basis" (*id.* at 7); and a conclusion that "the union's misconduct towards the Plaintiffs is arbitrary, discriminatory and in bad faith" (*id.*). Plaintiffs do not allege how Defendants' conduct was unlawful *nor* how such conduct caused them harm. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (while "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs' opposition briefs likewise fail to highlight any facts showing how Defendants' conduct was unlawful or how such conduct caused them harm. *See* Pls.' Opp'n to PMA Mot., Docket No. 19; Pls.' Opp'n to ILWU Mot., Docket No. 18.

Thus, the Court **DISMISSES** Plaintiffs' complaint without prejudice and with leave to amend. Plaintiffs will have sixty days from the date of this order in which to file an amended complaint. For Plaintiffs' benefit, the Court directs their attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiffs may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-9000 extension 8657, for free legal advice regarding their claims.

This order disposes of Docket Nos. 10 and 13.

IT IS SO ORDERED.

Dated: December 18, 2012

_____
EDWARD M. CHEN
United States District Judge

2