UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE KAUFMAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION, *et al.*,<br><br>Defendants._____/ | No. C-12-5051 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>**(Docket Nos. 30, 31)** |

On February 13, 2013, Plaintiffs Ronnie Kaufman and Alphonce Jackson filed a first amended complaint ("FAC") against Defendants Pacific Maritime Association ("PMA"), International Longshore and Warehouse Union ("ILWU"), and ILWU Local 34 asserting claims pursuant to Section 301 of the Labor-Management Relations Act ("LMRA"). *See* Docket No. 28. On February 27, 2013, Defendant PMA filed, and the ILWU Defendants joined, the pending motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Docket Nos. 30, 31. For the reasons stated on the record and in this order, Defendants' motion is hereby **GRANTED**.

The FAC asserts claims pursuant to Section 301 of the LMRA based on an alleged agreement between the Defendants that Plaintiffs claim violates twenty-five provisions of the parties' collective bargaining agreement ("CBA"). It is established that under Section 301 "[a] union owes a duty of fair representation to those it represents, and an employer must honor the terms of a CBA to which it is a party." *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 913 (9th Cir. 2006). When these duties are violated, "[a]n aggrieved party may bring a hybrid fair representation/ § 301 suit against

the union, the employer, or both." *Id.* However, "[i]n order to prevail in any such suit, the plaintiff must show that the union and the employer have both breached their respective duties." *Id.*

In its order dismissing Plaintiffs' original complaint, this Court found Plaintiffs' claims to be facially deficient because Plaintiffs did not allege "how Defendants' conduct was unlawful *nor* how such conduct caused them harm." Order Granting Defendants' Motions to Dismiss, Docket No. 23, at 2 (citing *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (while "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim for relief that is plausible on its face.")). Although the FAC contains slightly more factual information than the original complaint, the FAC still primarily consists of conclusory statements that the alleged "fraudulent, unwritten agreement" between Defendants PMA and Local 34 violates both PMA's obligations under the CBA and Local 34's duty of fair representation. For instance, while a central part of the FAC is based on its critique of the Request Dispatch System, the FAC contains no detailed description of what that system is, how it works, and precisely how it violates the PCCCD. Moreover, without more specific information regarding each of the named Defendants' wrongful conduct and how it has caused Plaintiffs to suffer harm, the Court cannot determine that Plaintiffs have plausibly stated a claim for either PMA's breach of the CBA or the ILWU Defendants' breach of the duty of fair representation.

Additionally, Defendants have raised significant questions concerning Plaintiffs' ability to demonstrate that their claims are timely and that they have complied with the exclusive grievance procedure set forth in the CBA. Causes of action under Section 301 are subject to a six-month statute of limitations, which "accrues when the plaintiff knew, or should have known, of the defendant's wrongdoing and can successfully maintain a suit in district court." *Allen v. United Food & Commercial Workers Int'l Union*, 43 F.3d 424, 426-27 (9th Cir. 1994). At the hearing on the present motion to dismiss, Plaintiffs alleged that Defendants' illegal agreement has been in place since 1985. Although Plaintiffs contend that the violations alleged in the FAC are continuous and ongoing, the Court recognizes that the Ninth Circuit has rejected a continuing violations theory for hybrid claims under Section 301. *See Harper v. San Diego Transit Corp.*, 764 F.2d 663 (9th Cir. 1985).

Further, the Court notes that the FAC contains no allegations regarding Plaintiffs' compliance or attempted compliance with the mandatory, exclusive grievance procedure set forth in Section 17 of the parties' collective bargaining agreement. "As a general rule, members of a collective bargaining unit must first exhaust contractual grievance procedures before bringing an action for breach of the collective bargaining agreement." *Carr v. Pac. Mar. Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990). "This requirement applies with equal force to claims brought against a union for breach of the duty of fair representation." *Id.* However, there are two situations in which a union's breach of the duty of fair representation excuses the exhaustion requirement. *Id.* at 1319. First, exhaustion is not required "where the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance." *Id.* (emphasis in original) (citations omitted). Second, "where grievants allege a breach of duty of fair representation with regard to negotiating the collective bargaining agreement" exhaustion of contractual grievance procedures may not be required. *Id.* (citations omitted).

Since the FAC contains no allegations demonstrating that Plaintiffs have exhausted the CBA's grievance procedure or that there is a legal basis for their failure to do so, the FAC fails to demonstrate that Plaintiffs have valid claims for relief. In order to assert Section 301 claims against the Defendants in this case, Plaintiffs must allege that they either followed the grievance procedure established by the CBA before filing the present action or that there is a legal basis for their failure to exhaust this process. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163-64 (1983) ("Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement."); *see also Lopez v. HMS Host, Inc.*, No. 09-04930 SI, 2010 WL 199716, at *6-7 (N.D. Cal. Jan. 13, 2010) ("To state a claim under Section 301 of the LMRA, plaintiff must adequately plead exhaustion of the grievance procedures set forth in the CBA.").

Thus, the Court **DISMISSES** Plaintiffs' first amended complaint without prejudice and with leave to amend. Plaintiffs will have forty-five (45) days from the date of this order in which to file an amended complaint. Plaintiffs are advised that failure to cure the deficiencies identified in this

3

order will result in dismissal of Plaintiffs' claims with prejudice. For Plaintiffs' benefit, the Court directs their attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiffs may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-9000 extension 8657, for free legal advice regarding their claims. The Case Management Conference set for April 25, 2013, is hereby rescheduled to August 1, 2013 at 9:00 a.m. in Courtroom 5, 17th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

This order disposes of Docket Nos. 30 and 31.

IT IS SO ORDERED.

Dated: April 12, 2013

_____
EDWARD M. CHEN
United States District Judge