UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE KAUFMAN, *et al.*, | No. C-12-5051 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| PACIFIC MARITIME ASSOCIATION, *et al.*, | **(Docket No. 37)** |
| Defendants. | |

Pending before the Court is Defendant's motion to dismiss Plaintiffs' first amended complaint for failure to prosecute. Plaintiffs, who are pro se, filed the instant action against their union on September 28, 2012, bringing claims for discrimination, breach of contract, collusion, breach of the fair duty of representation, and violations of the Labor-Management Relations Act. Defendants moved to dismiss the complaint on October 30, 2012. Docket Nos. 10, 13. On December 18, 2012, this Court dismissed the complaint with leave to amend, finding that the complaint failed to comply with the requirement of Fed. R. Civ. P. 8(a) that a complaint provide a "short and plain" statement of Plaintiffs' claims. Docket No. 23. The Court found that the complaint consisted almost entirely of quotes from Plaintiffs' collective bargaining agreement, and failed to provide concrete factual allegations in support of Plaintiff's claims.

After Plaintiffs filed an amended complaint, Defendant Pacific Maritime Association ("PMA") filed another motion to dismiss on February 27, 2013, which was joined by Defendant International Longshore and Warehouse Union, Local 34 ("ILWU"). Docket Nos. 30, 31. The

1  Court granted this motion on April 12, 2013.  Docket No. 36.  The Court noted that Plaintiffs had
2  failed to provide a meaningful description of the dispatch system that they alleged violated their
3  collective bargaining agreement, and that they had not sufficiently alleged details regarding each
4  Defendant's wrongful conduct, or how Plaintiffs had been harmed by such conduct.  *Id.* at 2.  The
5  Court further noted that Defendants had raised serious questions about whether the claims were
6  timely, and whether Plaintiffs had complied with the exclusive grievance procedure outlined in the
7  collective bargaining agreement.  *Id.*  The Court allowed Plaintiffs 45 days to amend their complaint
8  to address these deficiencies.  This time period ran on May 27, 2013; to date Plaintiffs have not filed
9  an amended complaint.

10  On June 26, 2013, one month after Plaintiffs' time to file an amended complaint ran,
11  Defendant PMA filed the instant motion, seeking dismissal of Plaintiff's claims with prejudice under
12  Rule 41(b).  Docket No. 37.  Defendant ILWU has joined the motion.  Docket No. 38.  Defendant
13  Plaintiffs have filed no response to the motion.  After reviewing Defendant PMA's brief and the
14  record in this action, the Court concludes that this matter is appropriate for disposition without
15  hearing and therefore **VACATES** the August 1, 2013 hearing.

16  Rule 41(b) provides that a defendant may move to dismiss where the plaintiff has failed to
17  prosecute the action, to comply with the Federal Rules of Civil Procedure, or failed to comply with a
18  court order.  Fed. R. Civ. P. 41(b).  The Ninth Circuit has recognized that dismissal under Rule 41(b)
19  is proper where a plaintiff fails to file an amended complaint within the time specified by a court
20  granting a motion to dismiss.  *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999)
21  ("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district
22  judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal
23  for failing to comply with a court order rather than for failing to prosecute the claim.").

24  In determining whether dismissal with prejudice is appropriate under Rule 41(b), "the court
25  must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the
26  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
27  favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives.' "
28  *Yourish*, 191 F.3d at 990 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998)).

Dismissal is proper "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)).

Here, the *Yourish* factors favor dismissing the case with prejudice. The Plaintiffs' failure to file an amended complaint within the time provided by the Court, and their failure to respond to the instant motion suggest that they have abandoned this action entirely. The public's interest and the Court's need to manage its docket thus both strongly support dismissal, as there is no indication that allowing Plaintiffs additional time will result with their filing an amended complaint. *See Yourish*, 191 F.3d at 990 ("the public's interest in expeditious resolution of litigation always favors dismissal"); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"). The risk of prejudice to Defendants strongly supports dismissal for similar reasons, as failure to dismiss would keep them enmeshed in litigation languishing because of Plaintiffs' lack of responsiveness. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

The public policy favoring disposition on the merits does not weigh heavily against dismissal, as Plaintiffs' apparent abandonment of this action suggests that it would not ultimately be resolved on the merits even were the Court not to dismiss at this juncture. *See In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (recognizing that while this factor generally strongly counsels against dismissal, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits"). Finally, the fifth *Yourish* factor also supports dismissal, as there is no indication that a lesser sanction would be anything but futile. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case."). Finally, the Court notes that on the face of the prior complaint, there are serious doubts whether Plaintiffs could state valid and timely claims.

For the foregoing reasons, this Court **GRANTS** Defendant's motion, and **DISMISSES** this action with prejudice. The Clerk of the Court shall enter judgment and close the file in this case.

This order disposes of Docket No. 37.

IT IS SO ORDERED.

Dated: July 26, 2013

_____
EDWARD M. CHEN
United States District Judge