**United States District Court**
For the Northern District of California

1

2

3

4

5                     UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8    RONNIE KAUFMAN, *et al.*,                    No. C-12-5051 EMC

9              Plaintiffs,

10        v.                                       **ORDER GRANTING DEFENDANT'S
                                                   MOTION TO DISMISS**
11   PACIFIC MARITIME ASSOCIATION, *et*
     *al.*,                                        **(Docket No. 37)**
12
              Defendants.
13   _____/

14

15

16        Pending before the Court is Defendant's motion to dismiss Plaintiffs' first amended

17   complaint for failure to prosecute.  Plaintiffs, who are pro se, filed the instant action against their

18   union on September 28, 2012, bringing claims for discrimination, breach of contract, collusion,

19   breach of the fair duty of representation, and violations of the Labor-Management Relations Act.

20   Defendants moved to dismiss the complaint on October 30, 2012.  Docket Nos. 10, 13.  On

21   December 18, 2012, this Court dismissed the complaint with leave to amend, finding that the

22   complaint failed to comply with the requirement of Fed. R. Civ. P. 8(a) that a complaint provide a

23   "short and plain" statement of Plaintiffs' claims.  Docket No. 23.  The Court found that the

24   complaint consisted almost entirely of quotes from Plaintiffs' collective bargaining agreement, and

25   failed to provide concrete factual allegations in support of Plaintiff's claims.

26        After Plaintiffs filed an amended complaint, Defendant Pacific Maritime Association

27   ("PMA") filed another motion to dismiss on February 27, 2013, which was joined by Defendant

28   International Longshore and Warehouse Union, Local 34 ("ILWU").  Docket Nos. 30, 31.  The

**United States District Court**

For the Northern District of California

1    Court granted this motion on April 12, 2013.  Docket No. 36.  The Court noted that Plaintiffs had

2    failed to provide a meaningful description of the dispatch system that they alleged violated their

3    collective bargaining agreement, and that they had not sufficiently alleged details regarding each

4    Defendant's wrongful conduct, or how Plaintiffs had been harmed by such conduct.  *Id.* at 2.  The

5    Court further noted that Defendants had raised serious questions about whether the claims were

6    timely, and whether Plaintiffs had complied with the exclusive grievance procedure outlined in the

7    collective bargaining agreement.  *Id.*  The Court allowed Plaintiffs 45 days to amend their complaint

8    to address these deficiencies.  This time period ran on May 27, 2013; to date Plaintiffs have not filed

9    an amended complaint.

10          On June 26, 2013, one month after Plaintiffs' time to file an amended complaint ran,

11   Defendant PMA filed the instant motion, seeking dismissal of Plaintiff's claims with prejudice under

12   Rule 41(b).  Docket No. 37.  Defendant ILWU has joined the motion.  Docket No. 38.  Defendant

13   Plaintiffs have filed no response to the motion.  After reviewing Defendant PMA's brief and the

14   record in this action, the Court concludes that this matter is appropriate for disposition without

15   hearing and therefore **VACATES** the August 1, 2013 hearing.

16          Rule 41(b) provides that a defendant may move to dismiss where the plaintiff has failed to

17   prosecute the action, to comply with the Federal Rules of Civil Procedure, or failed to comply with a

18   court order.  Fed. R. Civ. P. 41(b).  The Ninth Circuit has recognized that dismissal under Rule 41(b)

19   is proper where a plaintiff fails to file an amended complaint within the time specified by a court

20   granting a motion to dismiss.  *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999)

21   ("Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district

22   judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal

23   for failing to comply with a court order rather than for failing to prosecute the claim.").

24          In determining whether dismissal with prejudice is appropriate under Rule 41(b), "the court

25   must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the

26   court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

27   favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives.' "

28   *Yourish*, 191 F.3d at 990 (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998)).

United States District Court

For the Northern District of California

1  Dismissal is proper "where at least four factors support dismissal, . . . or where at least three factors

2  'strongly' support dismissal." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)).

3        Here, the *Yourish* factors favor dismissing the case with prejudice.  The Plaintiffs' failure to

4  file an amended complaint within the time provided by the Court, and their failure to respond to the

5  instant motion suggest that they have abandoned this action entirely.  The public's interest and the

6  Court's need to manage its docket thus both strongly support dismissal, as there is no indication that

7  allowing Plaintiffs additional time will result with their filing an amended complaint.  *See Yourish*,

8  191 F.3d at 990 ("the public's interest in expeditious resolution of litigation always favors

9  dismissal"); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the

10  Court to manage its docket without being subject to routine noncompliance of litigants").  The risk

11  of prejudice to Defendants strongly supports dismissal for similar reasons, as failure to dismiss

12  would keep them enmeshed in litigation languishing because of Plaintiffs' lack of responsiveness.

13  *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) ("The law presumes injury from unreasonable

14  delay.") (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

15        The public policy favoring disposition on the merits does not weigh heavily against

16  dismissal, as Plaintiffs' apparent abandonment of this action suggests that it would not ultimately be

17  resolved on the merits even were the Court not to dismiss at this juncture.  *See In re*

18  *Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006)

19  (recognizing that while this factor generally strongly counsels against dismissal, "a case that is

20  stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery

21  obligations cannot move forward toward resolution on the merits").  Finally, the fifth *Yourish* factor

22  also supports dismissal, as there is no indication that a lesser sanction would be anything but futile.

23  *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide

24  variety of sanctions short of dismissal available, the district court need not exhaust them all before

25  finally dismissing a case.").  Finally, the Court notes that on the face of the prior complaint, there are

26  serious doubts whether Plaintiffs could state valid and timely claims.

27

28

1    For the foregoing reasons, this Court **GRANTS** Defendant's motion, and **DISMISSES** this

2    action with prejudice.  The Clerk of the Court shall enter judgment and close the file in this case.

3        This order disposes of Docket No. 37.

4

5        IT IS SO ORDERED.

6

7    Dated:  July 26, 2013

8

9    _____
     EDWARD M. CHEN
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California